**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Olga I Waesche, et al., | No. CV-21-08020-PCT-DLR |
| Plaintiffs, | **ORDER** |
| v. | |
| Embry-Riddle Aeronautical University Incorporated, et al., | |
| Defendants. | |

Before the Court is Plaintiffs' pro se motion to remand. The motion is fully briefed (Docs. 9, 11, 14) and will be denied.

**I. Background**

On August 22, 2016, Embry-Riddle Aeronautical University, Inc. ("ERAU") hired Plaintiff Olga Waesche as a Russian language adjunct professor. (Doc. 1-3 at 4.) Following the resignation of the only other Russian language adjunct professor, Dr. Jon Haass, the relevant Interim Dean, promised on September 12, 2019 to secure Ms. Waesche a full-time assistant professor position in exchange for her agreement to teach all the Russian language classes at the Prescott campus. (*Id.*) However, when Ms. Waesche visited the human resources office on September 20, 2019, instead of the full-time assistant professor contract she was expecting, she received a full-time instructor contract. (*Id.*) Ms. Waesche immediately contacted Mr. Haass, who explained that he had not yet been able to secure her position but would keep trying. (*Id.* at 6.) Ms. Waesche thereafter signed the

instructor contract. (*Id.*)

On January 21, 2020, Mr. Haas delivered a letter to Ms. Waesche relaying that ERAU did not intend to renew her contract for the 2020-21 academic year (the "Letter"). (*Id.*) On February 21, 2020, Ms. Waesche met with Mr. Haass regarding the Letter, and he promised to help resolve the issue, to no avail. (*Id.* at 7.) On March 5, 2020, Ms. Waesche informally met with the Speaker, Vice Speaker, and Interim Chief Academic Officer of the Prescott campus, and she was informed that she was not a faculty member and had no right to file a grievance. (*Id.*) Ms. Waesche emailed the Prescott campus Senate to initiate a formal grievance on March 15, 2020 but faced efforts to prevent her grievance process from moving forward. (*Id.* at 8.) On April 16, 2020, Ms. Waesche requested review from a Formal Grievance Committee (the "Committee"). The Committee issued a report (the "Report") in Ms. Waesche's favor, concluding that ERAU violated numerous Handbook policies with respect to the Letter's issuance and the grievance process. (*Id.* at 9-11.) The Committee submitted the Report to the Prescott campus Chancellor, who declined to act.

On January 12, 2021, Plaintiffs, proceeding pro se, filed their complaint in Yavapai County Superior Court. The complaint brings claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and negligent infliction of emotional distress.[1] (Doc. 1-3 at 3-14.) On February 3, 2021, ERAU removed the action to this Court based on diversity jurisdiction. (Doc. 1.) On February 16, 2021, Plaintiffs filed the instant motion to remand, which is now ripe.

**II. Discussion**

Pursuant to 28 U.S.C. § 1332, diversity jurisdiction is present when complete diversity of citizenship exists and the amount in controversy exceeds $75,000. Here, diversity of citizenship is undisputed; instead Plaintiffs contend that their complaint does

---

[1] On May 21, 2020, Ms. Waesche filed a charge of discrimination with the Arizona Attorney General's Office and the Equal Employment Opportunity Commission ("EEOC"). She has not yet received a right to sue letter but indicates in her complaint that she intends to amend her complaint to add claims if she does. (Doc. 1-3 at 11.) For the purposes of this order, the Court will assess the amount in controversy based on the claims currently raised, not those that may be added in the future.

- 2 -

not and cannot demand an amount in excess of $75,000. Defendant, as the removing party, has the burden of establishing by a preponderance of the evidence that the amount-in-controversy requirement has been met. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). When assessing the total amount at stake in the litigation, including damages and attorneys' fees if applicable, the Court may consider the complaint, notice of removal, and "summary-judgment-type evidence." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018). Having reviewed the evidence, the Court concludes that the amount-in-controversy requirement has been met.

The Court will provide several examples of damages that, added together, push the amount in controversy above the minimum, but refrains from picking apart each allegation and claim. As a first example, Plaintiffs allege Ms. Waesche suffered injuries including loss of backpay, contributions to her TIA 403b Retirement Program, loss of contributions to her social security account, and other damages—including emotional distress—when ERAU did not renew her employment contract for the 2020-21 year. Ms. Waesche's 2020-21 contract, which she lost, was worth approximately $72,830 including benefits, alone.[2] (Doc. 11-1 at 3.) Considering this value in conjunction with a potential emotional-distress jury award, the amount in controversy would easily be pushed over the $75,000.01 threshold. Similarly, Plaintiffs bring claims stemming from six alleged breaches of the implied covenant of good faith and fair dealing. One breach allegedly occurred when Mr. Haass failed to obtain Ms. Waesche an assistant professor position, despite their agreement. Had she received this promotion, her salary would have been significantly higher during the 2019-20 year. Specifically, a comparable assistant professor's salary and benefits package at the Prescott campus within the same department that year equaled $85,973.83, an amount $14,080.79 greater than the $71,896.04 package Ms. Waesche qualified for. (*Id.* at 4.) This figure pushes the amount in controversy even more over the jurisdictional

---

[2] Plaintiffs dispute the accuracy of this figure, arguing that Ms. Waesche would not have accepted or benefitted from the insurance package valued in excess of $15,000 because she preferred to rely on her husband's military retirement benefits. (Doc. 14 at 3.) Regardless of whether Ms. Waesche would have accepted the insurance package included, the contract's value has been proffered to be $72,830.

minimum. Plus, Plaintiffs allege five additional bases for breach that arise primarily from alleged efforts to thwart her grievance process following her receipt of the Letter. These bases could qualify Plaintiffs for even greater relief, especially if a jury were to award punitive damages. *Rawlings v. Apodaca*, 726 P.2d 565, 578 (Ariz. 1986) (explaining that an award of punitive damages for breach of the implied covenant of good faith and fair dealing may be appropriate if certain showings are made).[3] Looking to these examples, the Court concludes that the amount in controversy exceeds $75,000.01 such that diversity jurisdiction is present. Consequently,

**IT IS ORDERED** that Plaintiffs' motion to remand (Doc. 9) is **DENIED.**

Dated this 25th day of March, 2021.

Douglas L. Rayes
United States District Judge

---

[3] The parties note that Plaintiffs' remaining claim for negligent infliction of emotional distress is currently the subject of ERAU's pending motion to dismiss. The Court will not assess the merits of ERAU's motion, here.