**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Olga I Waesche, et al., | No. CV-21-08020-PCT-DLR |
| Plaintiffs, | **ORDER** |
| v. | |
| Embry-Riddle Aeronautical University Incorporated, et al., | |
| Defendants. | |

Before the Court is Defendants' partial motion to dismiss (Docs. 7, 19, 26, 29) and Plaintiffs' motion to amend. (Docs. 25, 28.) Defendants' motion seeks dismissal of Joseph Waesche as a plaintiff for lack of standing and of Plaintiffs' claim for negligent infliction of emotional distress for lack of subject matter jurisdiction and failure to state a claim. Since the filing of Defendants' motion, Plaintiffs have sought leave to amend their complaint. (Doc. 25.) The proposed amended complaint serves two functions. First, Plaintiffs withdraw the negligent infliction of emotional distress claim.[1] (Docs. 25-1, 26.)

---

[1] Defendants request an award of attorneys' fees in connection with their motion to dismiss Plaintiffs' negligent infliction of emotional distress claim. This request is denied because it is substantively deficient and procedurally improper. The general rule is that each side pays its own attorneys' fees, regardless of who wins or loses. Fees may be shifted, however, where a statute, rule, or contractual provision provides for such. Here, Defendants do not cite any statute or rule that entitles them to an award of attorneys' fees. Procedurally, Defendants tack on their request to the end of their reply memorandum, depriving Plaintiffs of the opportunity to be heard on the issue. Moreover, with some exceptions that might or might not be implicated here (the Court does not know because Defendants do not identify the legal rule that entitles them to fees), LRCiv. 54.2(b)(2) provides the general procedure for requesting fees. Generally, these requests are made post-judgment, so that the parties and the Court are not litigating fee-shifting issues

Second, Plaintiffs double down in arguing that Mr. Waesche is a proper party, "add[ing] community property allegations which will clarify Joseph Waesche's standing as a party plaintiff to this action." (Doc. 26 at 2.)[2] Because Plaintiffs concede in their response that their negligent infliction of emotional distress claim is subject to dismissal, the Court will dismiss it, and turn to the remaining issue—the propriety of Mr. Waesche's inclusion as a plaintiff.

To have standing, a plaintiff must suffer a concrete and particularized injury in fact stemming from the invasion of a legally protected interest. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Here, neither Plaintiffs' complaint nor their proposed amended complaint alleges that Mr. Waesche suffered any injury other than through Mrs. Waesche's alleged injury. "The mere fact that Mr. [Waesche] is married to Mrs. [Waesche], the proper Plaintiff, is not sufficient to give him standing to bring Mrs. [Waesche's] claims." *Flury v. Marriott Int'l Inc.*, No. CV-19-04642-PHX-JJT, 2020 WL 2467271, at *3 (D. Ariz. May 13, 2020) (citing *Espinoza v. Fry's Food Stores of Ariz. Inc.*, 806 F. Supp. 855, 858 (D. Ariz. 1990) (noting Arizona's community property laws made it "unnecessary to join both spouses as plaintiff in an action alleging injury to one of the spouses, even if a recovery would be community property")). Plaintiffs' argument that Mr. Waesche is a proper party because his inclusion in the action is necessary to enable Defendants to recover potential attorneys' fees from the community property is similarly misguided. To the contrary, under the circumstances and as a party that initiated this case—rather than a party defending against an action to enforce a debt or obligation on the community—Mrs. Waesche has the power to bind the entire community should an attorneys' fees judgment arise from Mrs. Waesche's own actions in filing this suit. A.R.S. § 25-214(B)-(C); *Greer v. T.F. Thompson & Sons, Inc.*, No. CV-10-799-PHX-SMM, 2013 WL 4512055, at *1 (D. Ariz. Aug. 26, 2013). In sum, Mr. Waesche lacks standing and will be dismissed as a plaintiff in this action. Because the Court will dismiss Mr. Waesche and the claim for negligent infliction

---

piecemeal whenever one party or the other prevails on a motion.

[2] The only other alterations within the amended complaint are non-substantive, such as correcting name spelling errors.

of emotional distress from the case, Plaintiffs' proposed amended complaint makes no substantive alterations not already addressed by this order. The Court will therefore deny Plaintiffs' motion to amend. Accordingly,

**IT IS ORDERED** that Defendants' partial motion to dismiss (Doc. 7) is **GRANTED.** The Court hereby dismisses Mr. Waesche and the claim for negligent infliction of emotional distress.

**IT IS FURTHER ORDERED** that Plaintiffs' motion to amend (Doc. 25) is **DENIED.**

Dated this 10th day of May, 2021.

Douglas L. Rayes
United States District Judge